## Jonas Gaffield *versus* Nahum R. Hapgood.

A fire-frame fixed in a common fire-place, with brick laid in between the sides of the fire-frame and the jambs of the fire-place, is a fixture, and a tenant cannot remove it after his lease has expired and he has quitted the premises, although it was placed there by himself; but he may remove it during the term.

The owner of a house under lease, offered it for sale by auction with a reservation of a fixture placed therein by the tenant, but the house was not sold. The tenant, at the expiration of his lease, sold the fixture and quitted the premises. It was *held*, that the vendee could not afterwards sever and remove the fixture.

Trover to recover the value of a fire-frame. In the Court of Common Pleas, *Cummins* J. presiding, the case was submitted to the Court upon the following statement of facts.

The fire-frame was purchased by John Bliss, in December 1832, and placed by him in a house belonging to the widow and minor heirs of one Gaffield, (not the plaintiff,) of which Bliss was then the tenant. In April 1833 the widow intermarried with the defendant. In March 1834, the house was advertised by the guardian of such heirs, as to be sold by auction; and at the time of the auction, Bliss, in the presence of the defendant, notified to the guardian, that the fire-frame belonged to him, and that he should remove it. The guardian thereupon told the auctioneer to make a reservation of the fire-frame, at the sale. This was done when the house was offered for sale, the defendant being present; but the house was not sold.

On April 12, 1834, Bliss sold the fire-frame to the plaintiff for the sum of $8·50, and on the 13th of the same month

Gaffield v. Hapgood.

removed from the house, the fire-frame being left there standing. The plaintiff afterwards went to the house for the purpose of removing the fire-frame, but the defendant, who then occupied the house, forbade its removal, and claimed it himself.

The frame was fixed in a common fire-place, with bricks on the sides laid in between the sides of the fire-frame and the jambs of the fire-place; and the facing was plastered over, the jambs not having been plastered before. Upon these facts, the judge was of opinion, that the defendant was not guilty, and a nonsuit was ordered. The plaintiff excepted.

Oct. 1st.

*Washburn*, for the plaintiff, cited 2 Kent's Comm. 279; 3 Dane's Abr. 152; Toller on Executors, 197; *Heermance* v. *Vernoy*, 6 Johns. R. 5; Harrison's Dig. *tit. Fixtures; Lawton* v. *Salmon*, 1 H. Bl. 259, note; *Miller* v. *Plumb*, 6 Cowen, 665; *Davis* v. *Jones*, 2 Barn. & Ald. 165; *Elwes* v. *Maw*, 3 East, 38; *Penton* v. *Robart*, 2 East, 88; *Whiting* v. *Brastow*, 4 Pick. 310; *Taylor* v. *Townsend*, 8 Mass. R. 416; *Doty* v. *Gorham*, 5 Pick. 487; *Marcey* v. *Darling* 8 Pick. 283; *Woodruff* v. *Halsey*, 8 Pick. 335; *Ashmun* v *Williams*, 8 Pick. 404; 7 Bac. Abr. 258; 2 Com. Dig *Biens, B;* Woodf. on Landl. and Tenant, 221; *Penton* v. *Robart*, 4 Esp. 33; *Holmes* v. *Tremper*, 20 Johns. R. 29.

*Merrick*, for the defendant, cited *Goddard* v. *Chase*, 7 Mass. R. 432; Amos & Fer. on Fixtures, 10, 11, 87; 1 Chitty's Pr. 95; *Lee* v. *Risdon*, 7 Taunt. 188; *Lyde* v. *Russell*, 1 Barn. & Adol. 394; *Colegrave* v. *Dias Santos*, 2 Barn. & Cressw. 76; *Thresher* v. *East London Water Works Co.* 2 Barn. & Cressw. 608.

Putnam J. afterward drew up the opinion of the Court. The fire-frame was without doubt personal property before it was fixed to the freehold. But afterwards it became a part of the house, and would have passed by a deed of the house as a door or window of the house would have passed, provided there were no exception in the deed to the contrary. But although it is to be considered as a fixture, yet the lessee during *the continuance* of his lease might have removed it *Lawton* v. *Lawton*, 3 Atk. 16, *in notis*. But he must remove it during the term. He cannot lawfully do it afterwards. In

Gaffield v. Hapgood

*Lee* v. *Risdon*, 7 Taunt. 188, *Gibbs* C. J. says, unless the lessee uses the privilege of severing fixtures during the term he cannot afterwards do it; adding, "and it never was heard of that trover could be afterwards brought."

While it remained fixed to the freehold, it is clear that if one had unfixed and taken it away at one time, it would not have been a felony, but a trespass. The case of *Penton* v. *Robart*, 2 East, 88, might seem to recognise the right of the tenant to remove a fixture after the expiration of the term. That was trespass for breaking a close and removing a building. It was brought by a landlord against the tenant. The defendant made no defence to breaking and entering the close, and the plaintiff recovered a shilling for that, but the defendant pleaded a justification for removing the building as set forth in the declaration, that it was a building erected by him on the premises for the purpose of carrying on his trade, and *that he still continued in possession of the premises* at the time when, &c. The justification was held sufficient. The relation of landlord and tenant must have been considered as having continued, and as *still existing* in respect to the demised premises, notwithstanding the first term had expired. The defendant, as it seems to me, might and ought to have pleaded the general issue as to breaking and entering the close and a justification as to the rest.

If the fixture should not be removed during the term, and the tenant should quit, and the landlord take possession afterwards, the law is very clear, that the fixture becomes a part of the freehold, and that the party who was tenant cannot legally take it away afterwards.

And there are no facts stated in the present case which will vary this well established rule of law.

The circumstance, that the owners of the estate offered it for sale with a reservation of the fire-frame for the tenant, who was then in possession, is of no avail; because the sale was not made. The tenant sold the fire-frame to the plaintiff on the day before he left the premises. The vendee could not be in a better situation than the tenant was. He might, as has been said, have severed the frame from the chimney while his tenancy continued, but he left the premises, with

the frame attached and fixed by brick and mortar to the house. It is very certain that thereupon it became the property of the owners of the freehold.

There are various annexations to the freehold estate, which, if the tenant make them at his own expense, cannot be removed by him during the term. As if he put glass into the windows; Co. Litt. 53 *a*; and the reason given is, that the glass is become part of the house. It shall go to the heir and not to the executor, for as is said in *Herlakenden's case*, 4 Co. R. 62, if they (the windows) be open to tempests and rain, waste and putrefaction of the timber would follow. So I apprehend it would be, if the tenant should shingle the house, or put another story upon it. Such necessary or even expensive reparation or addition would, at this day, be considered as given to the owner of the freehold.

But the law has accommodated itself to the existing advanced state of society; and the tenant may, during the term, take away chimney-pieces, and even a wainscot, if put up by himself; Co. Litt. *ubi sup.* (Hargr. note 5); which, as the law stood before and at the time of Lord Coke, he could not have been permitted to do.

The reason of the relaxation of the rule, is found in the public policy and convenience, which permit the tenant to make the most profitable and comfortable use of the premises demised, that can be obtained consistently with the rights of the owner of the freehold. The inheritance is not to be prejudiced.

The law upon this subject was very much discussed in *Elwes* v. *Maw*, 3 East, 38, by the court and bar; and such annexations made with regard to trade, were recognised; but such as were made in regard to agricultural improvements were still left to the operation of the old law; with what correctness of inference, it is not necessary in the case now under consideration to decide. For this case is clear of all difficulty, and is decided in favor of the defendant for the reasons before suggested.

*Plaintiff nonsuit.*